UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:26-cv-01441-AB-DFM | Date: | April 8, 2026 |
|---|---|---|---|

| Title: | *Katia Jordan v. Geico General Insurance Company et al* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Evelyn Chun | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**    **[In Chambers] ORDER <u>DENYING</u> PLAINTIFF'S MOTION TO REMAND [Dkt. No. 12]**

Pending before the Court is Plaintiff Katia Jordan's ("Plaintiff") Motion to Remand ("Motion" or "Mot.," Dkt. No 12). Defendant GEICO General Insurance Company ("Defendant") filed an Opposition ("Opp'n," Dkt. No. 18) and Plaintiff filed a Reply ("Reply, Dkt. No. 19). Finding the matter appropriate for decision without oral argument, the **VACATED** the April 3, 2026 hearing and took the matter under submission. *See* Fed. R. Civ. P. 78; Local Rule 7-15. For the following reasons, Plaintiff's Motion is **DENIED.**

## I.    BACKGROUND

On January 8, 2026, Plaintiff initiated this action by filing a Complaint in the Superior Court of California, County of Los Angeles arising from Defendant's alleged premature determination of liability against Plaintiff before meaningful investigation. Comp. at 2. Plaintiff asserts four causes of action: (1) breach of implied covenant of good faith and fair dealing; (2) intentional misrepresentation; (3) unfair business practices; and (4) declaratory relief. *See generally id.*

Plaintiff contends that on January 9, 2026 at 12:38 p.m., Defendant was personally served at its registered agent's office, CT Corporation System ("CT Corporation"). Mot. at 3; Reply at 2–3. Defendant, however, contends that service of process was not effectuated until January 12, 2026 at 7:11 a.m. Opp'n at 3.

Defendant explains that CT Corporation operates an online intake portal for use by process servers wherein process servers can upload documents they intend to serve on CT Corporation before their arrival at the office in person. Opp'n at 2; Dkt. No. 18-2, Declaration of Alexandre C. Halow ("Halow Decl.") ¶ 5. Once the documents have been uploaded to the online intake portal, a confirmation page and job number are generated and emailed to the process server stating that the job number must be referenced upon arrival at the office to complete service. Opp'n at 2; Halow Decl. ¶ 6.

Defendant claims that on January 9, 2026 at 12:08 p.m., process server Shaunt Demirchyan ("Demirchyan ") submitted a package of documents, including Plaintiff's Complaint, to CT Corporation's intake portal. Opp'n at 3; Halow Decl. ¶¶ 4, 6. An email acknowledging receipt of the documents was then sent to Demirchyan by CT Corporation, directing him to reference the job number assigned to the documents when he arrived at the office in person to complete service. Opp'n at 3; Halow Decl. ¶¶ 4, 6.

On January 12, 2026, at 7:11 a.m., a process server appeared in person at CT Corporation's Glendale office, completing service of the documents, including Plaintiff's Complaint. Opp'n at 3; Halow Decl. ¶ 7. At this point, the documents were forwarded to Defendant, along with the Service of Process Transmittal. Opp'n at 3; Halow Decl. ¶ 7; Halow Decl. Exh. B. At this same time on January 12, 2026 CT Corporation sent at email to Demirchyan acknowledging that he appeared and served the documents relating to the present case. Opp'n at 3; Halow Decl. ¶ 8; Halow Decl. Exh. C. Defendant alleges that despite not appearing in person to serve the documents on CT Corporation until January 12, 2026, Demirchyan signed a proof of service stating that he had personally served CT Corporation on January 9, 2026. Opp'n at 3.

Defendant removed this action on February 11, 2026. *See* Dkt. No. 1, Notice of Removal. Subsequently, Plaintiff filed the present Motion arguing that Defendant's removal was untimely.

## II.   LEGAL STANDARD

### A. Evidentiary Standards Applicable to Motions to Remand

Federal courts evaluating motions to remand apply a more flexible evidentiary standard than that governing summary judgment or trial. Although the Federal Rules of Evidence inform the analysis, courts in the Ninth Circuit routinely consider materials that may not be presented in admissible form at the time of briefing so long as the underlying content could be presented in an admissible form at trial. See *Burch v. Ford Motor Co.*, 758 F. Supp. 3d 1092, 1098 n.3 (N.D. Cal. 2024) ("the Court may consider inadmissible hearsay so long as its content could be submitted in an admissible form at trial").

Nevertheless, evidentiary principles governing personal knowledge, authentication, and hearsay remain applicable. Under Federal Rule of Civil Procedure ("Rule") 56, "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Consistent with this requirement, courts may disregard or strike evidence that lacks proper foundation, including "classic examples of unauthenticated hearsay documents" offered for their truth. *McDowell Welding & Pipefitting, Inc. v. U.S. Gypsum Co.*, 285 B.R. 460, 467 (D. Or. 2002); *see also Larez v. City of Los Angeles*, 946 F.2d 630, 642 (9th Cir. 1991) (noting that newspaper articles and similar materials often constitute inadmissible double hearsay). In addition, Federal Rule of Evidence 901 requires "evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a).

Relatedly, a declarant must have personal knowledge of the matters asserted. Fed. R. Evid. 602. The Ninth Circuit has repeatedly emphasized that affidavits and declarations must be grounded in such personal knowledge. *See Bliesner v. The Commc'n Workers of Am.*, 464 F.3d 910, 915 (9th Cir. 2006); *United States v. Thompson*, 559 F.2d 552, 554 (9th Cir. 1977). Testimony that consists of mere "observations" without an adequate foundation lacks probative value and may be excluded. *Sandoval v. County of San Diego*, 985 F.3d 657, 666–67 (9th Cir. 2021). Further, where a witness offers opinion testimony, Rule 701 limits such testimony to opinions that are "rationally based on the witness's perception" and not dependent on specialized knowledge. Fed. R. Evid. 701. Accordingly, lay opinion testimony is admissible only when it derives from the witness's own personal observations and recollection of concrete facts. *United States v. Beck*, 418 F.3d

1008, 1015 (9th Cir. 2005). Finally, hearsay—defined as an out-of-court statement offered "to prove the truth of the matter asserted"—is generally inadmissible absent an applicable exception. Fed. R. Evid. 801(c), 802.

### B.  Request for Judicial Notice

Under Federal Rule of Evidence 201, courts may take judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see Lynch v. Leis*, 382 F.3d 642, 648 n. 5 (6th Cir. 2004) (taking judicial notice of court records available to public online); *see also United States ex rel. Hong v. Newport Sensors, Inc,* 728 F. App'x 660 (9th Cir. 2018) (holding that district court did not abuse its discretion in taking judicial notice of seven documents where engineering firm submitted website profiles to show that documents were publicly available). Court orders are properly subject to judicial notice. *See Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record . . . including documents on file in federal or state courts.") (internal citations omitted); *Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932, 943 (C.D. Cal. 2014) (taking judicial notice of court orders in other matters).

### C.  Removal

Generally, a civil action may be removed to the district court where the action is pending if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). A removing defendant "always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam).

District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, as well as civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between "citizens of different states," 28 U.S.C. § 1332. Section 1332 jurisdiction requires complete diversity, *i.e.*, that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

Section 1441 limits removal to cases where no defendant "properly joined and served . . . is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(a)(b)(2). Removal statutes are "strictly construe[d] against removal." *Gaus*,

980 F.2d at 566. Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Id.* Accordingly, the removing party bears a heavy burden of establishing original jurisdiction in the district court. *Id.*

### D. Timeliness of Removal

"[S]ection 1446(b) [of Title 28 of the U.S. Code] identifies two thirty-day periods for removing a case." *Carvalho v. Equifax Info. Servs.*, LLC, 629 F.3d 876, 885 (9th Cir. 2010). Where the complaint's removability is clear from the face of the "initial pleading," the first thirty-day removal period is triggered. *Id.*; *see also Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) ("To avoid saddling defendants with the burden of investigating jurisdictional facts, we have held that 'the ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin." (quoting *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005))).

Where the initial pleading does not reveal a basis for removal, a defendant has thirty days from the date it receives " 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Harris*, 425 F.3d at 693 (quoting 28 U.S.C. § 1446(b)).

## III.    DISCUSSION

### A. Defendant's Evidentiary Objections

#### i.  Katia Jordan Declaration

Defendant filed evidentiary objections to Plaintiff's evidence, specifically, her declaration entitled Declaration of Katia Jordan ("Jordan Declaration," Dkt. No. 20) submitted concurrently with her Reply to Defendant's Opposition to the Motion to Remand to State Court. *See* Dkt. No. 24 ("Evidentiary Objections") at 4–8. Defendant objects that parts of the Jordan Declaration lack foundation, are factual conclusions, lack personal knowledge, include hearsay, lack authentication, and call for speculation. *Id.*

Defendant's evidentiary objections to Plaintiff's Declaration are well taken. Plaintiff attempts to establish that service was completed on January 9, 2026 through Exhibits A through D attached to her declaration. However, Plaintiff does not demonstrate that she has personal knowledge of the creation, maintenance, or contents of these documents, nor does she provide any foundation establishing that

the exhibits are what she claims them to be.

Exhibit A is described as a "true and correct copy" of a proof of service filed in state court. Plaintiff does not explain how she obtained this document or otherwise establish its authenticity. *See* Jordan Decl. ¶ 3; Exh. A. Although court filings may, in some circumstances, be subject to judicial notice, Plaintiff's declaration does not independently authenticate the exhibit or establish a foundation for its contents. Without such a showing, the Court cannot rely on Plaintiff's characterization of the document as evidence that service occurred on January 9.

Exhibit B purports to be a service record maintained by a third-party process server. *See id.* ¶ 4; Exh. B. Plaintiff offers no foundation showing that she has access to or familiarity with the process server's internal records, nor any explanation of how she can attest that the document accurately reflects the server's records. As a result, the exhibit appears to be a third-party business record offered for the truth of the matter asserted without any showing of admissibility or reliability. Plaintiff's conclusory statement that the document reflects service on January 9 is therefore unsupported.

Exhibit C consists of correspondence allegedly confirming that the process server physically appeared at CT Corporation on January 9 and did not return on January 12. *See id.* ¶ 5; Exh. C. This exhibit presents additional concerns. Plaintiff does not establish who authored the correspondence, whether it reflects personal knowledge, or whether the statements contained therein are accurate. To the extent the exhibit is offered to prove that the process server appeared on January 9, it is an out-of-court statement offered for its truth, without any foundation or exception shown. Plaintiff likewise does not demonstrate that she can authenticate the correspondence or verify the circumstances under which it was created.

Exhibit D appears to be an email or confirmation regarding filing of the proof of service. *See id.* ¶ 6; Exh. D. Again, Plaintiff provides no foundation for authentication or explanation of the basis for her assertion that the document confirms service on a particular date. The statement in the declaration merely labels the exhibit without establishing its reliability or relevance to the disputed timing of service.

In sum, Plaintiff's declaration consists largely of conclusory statements characterizing attached exhibits without laying any foundation demonstrating personal knowledge or admissibility. The exhibits themselves, as presented, lack

CV-90 (12/02)                      **CIVIL MINUTES – GENERAL**                      Initials of Deputy Clerk <u>EC</u>

sufficient authentication and are not shown to fall within any hearsay exception or otherwise constitute competent evidence of the date service was completed. Accordingly, the Court sustains Defendant's evidentiary objections and declines to consider Plaintiff's exhibits or the related statements in resolving the Motion.

Accordingly, the Court may not consider this evidence. Defendant's evidentiary objections are **SUSTAINED.**

### ii.  Request for Judicial Notice

Plaintiff additionally filed a Supplemental Request for Judicial Notice in Support of Motion to Remand ("RJN," Dkt. No. 29). This document attaches a copy of an Entry of Default of Defendant in the state court action dated February 11, 2026, the same date that Defendant removed this matter to this Court. See RJN, Exh. A. Plaintiff requests judicial notice for the purpose of "completing the procedural timeline relevant to the Court's determination of the timeliness of Defendant's removal." *See id.* at 2.

Defendant an filed evidentiary objection to Plaintiff's RJN. *See* Evidentiary Objections at 8–9. Defendant objects stating that the RJN was untimely because it was not filed along with the original Motion. *See id.* Plaintiff's Motion was filed on February 13, 2026, the Opposition was filed March 6, 2026, and the Reply was filed March 9, 2026. Plaintiff's Request for Judicial Notice was not filed until March 17, 2026.

Rule 201(d) provides that "[t]he court may take judicial notice at any stage of the proceeding." Moreover, the document at issue is public. Defendant does not dispute the authenticity or accuracy of this document. Accordingly, the Court **GRANTS** Plaintiff's request. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (noting that courts may take judicial notice of court filings because they are "readily verifiable"); *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (stating that federal courts may take judicial notice of proceedings in other courts, including those outside the federal system)). However, the Court does not take notice of the facts asserted within the document or Plaintiff's interpretations of the document. In other words, the Court takes judicial notice of the existence of the document and their contents, but not the truth of the matters asserted therein.

Accordingly, the Court will consider Plaintiff's RJN. Defendant's evidentiary objection is therefore **OVERRULED**.

### B. Removal

Plaintiff argues removal is improper because it was untimely. The Court disagrees. Federal courts apply state law to determine when service is complete for removal purposes. Formal service of process, measured from the service date according to state law, is a prerequisite for triggering the 30–day removal period because it "assures defendants adequate time to decide whether to remove an action to federal court." *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) ("An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process").

Under California law, service on a corporation is permitted by delivering a copy of the summons and complaint "[t]o the person designated as agent for service of process." Cal. Civ. Proc. Code § 416.10. For service by mail on out-of-state persons under Section 415.40, "service of a summons by this form of mail is deemed complete on the 10th day after such mailing." Cal. Civ. Proc. Code § 415.40. Similarly, substituted service under Section 415.20(a) requires leaving documents at the office and thereafter mailing them, with service "deemed complete on the 10th day after the mailing." Cal. Civ. Proc. Code § 415.20.

The Ninth Circuit has further established that receipt of the complaint by a statutorily designated agent does not begin the 30-day removal period, but rather, the period begins when the defendant receives the complaint. *See Anderson v. State Farm Mut. Auto. Ins. Co.*, 917 F.3d 1126, 1127 (9th Cir. 2019) (stating "receipt of an initial pleading by a statutorily designated agent does not begin the thirty-day removal clock under 28 U.S.C. § 1446(b)(1), and [ ] instead actual receipt by State Farm that start[s] the removal clock") (citing *Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 394 (4th Cir. 2018)). The Ninth Circuit recently confirmed this stating that the "30-day removal clock only starts ticking once the defendant has been served." *Casola v. Dexcom, Inc.*, 98 F.4th 947, 962 n.15 (9th Cir. 2024).

Here, the evidence before the Court establishes that service of process was not completed until January 12, 2026, when the process server appeared in person at CT Corporation System's office and delivered the summons and complaint in accordance with its established procedures. Under California law, service on a corporate entity is effectuated by delivery to its authorized agent, and the operative date for purposes of removal is the date formal service is completed. *See* Cal. Civ. Proc. Code § 416.10. Plaintiff's contention that service occurred on January 9, 2026 is not supported by competent evidence, particularly in light of the Court's

evidentiary rulings sustaining Defendant's objections and declining to consider Plaintiff's unauthenticated and unsupported submissions. Accordingly, the Court credits Defendant's showing that service was completed on January 12, 2026.

Because formal service was completed on January 12, 2026, Defendant's February 11, 2026 Notice of Removal falls within the thirty-day removal period prescribed by 28 U.S.C. § 1446(b). *See Murphy Bros., Inc*, 526 U.S. at 347–48; *Casola*, 98 F.4th at 962 n.15. Defendant has therefore met its burden of establishing that removal was timely and proper. Therefore, Plaintiff's Motion to Remand is **DENIED.**

## IV.    CONCLUSION

For the foregoing reasons, the Court concludes that Defendant has established that removal was timely and proper. Accordingly, Plaintiff's Motion to Remand is **DENIED.**

**IT IS SO ORDERED**.